892 F.2d 84
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant
v.
Collin Lee QUICK, Defendant-Appellee.
 No. 88-5166.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 2, 1989.
Decided Dec. 12, 1989.
 
 Before FLETCHER, NELSON and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The United States appeals from the dismissal of the indictment against Collin Lee Quick for lack of evidence. Quick was indicted by a federal grand jury on three counts of weapons violations, three counts of narcotics violations and one count of possession of an implement for making false documents. All of the counts are based upon evidence obtained through a parole search of Quick's residence. Quick moved to suppress the evidence claiming that his sentence of parole was invalid and, therefore, that the parole search was invalid. The district court granted defendant's motion to suppress on the ground that Quick's parole was invalid due to the sentencing judge's failure to mention the parole in violation of Cal.Pen.Code § 1170(c).
 
 
 3
 We agree with the district court that a sentence of parole in addition to the defendant's sentence of incarceration would have been invalid. However, since defendant's parole was the result of his early release from prison and was within the three year period of his original sentence, it was a valid parole. Therefore, we remand to the district court to determine whether the parole search that yielded the evidence was based on reasonable suspicion.
 
 DISCUSSION
 
 4
 A. A sentence of parole in addition to Appellee's original sentence of three years incarceration is invalid.
 
 
 5
 California Penal Code § 1170(c) provides that at the time of sentencing, the court "shall ... inform the defendant that as part of the sentence after expiration of the term he or she may be on parole for a period" The judge who sentenced Quick in 1983 did not inform him that he would be sentenced to a parole term in addition to his three-year sentence. In fact, the judge stated that the possibility of parole in addition to the sentence had "absolutely no application to anything in the world." C.R. 21, Ex. D, at 97. Any sentence of parole added on to the sentence of three years is therefore invalid under California law.
 
 
 6
 B. The invalidity of the additional sentence of parole did not result in prejudice since appellee was under the sentence of an alternative, valid parole.
 
 
 7
 The trial court had no obligation to advise Quick of a parole term beyond his three year sentence if the court did not intend to place him on parole, but rather intended his sentence to end at the conclusion of three years incarceration. Parole following the three years without notice to the defendant would be illegal, but that is not the issue in this case. A prisoner cannot complain of early release accompanied by parole in lieu of completion of a lawful sentence of incarceration.
 
 
 8
 Although Quick may not have been willing to agree to plead guilty in return for a three year prison sentence plus a sentence of parole, the record is clear that he was willing to agree to a full three year prison term. Accordingly, Quick suffers no prejudice if, instead of keeping him in prison for three years, the state releases him early by putting him on parole for the remainder of his three year term. He cannot maintain that he would have agreed to plead guilty in exchange for a full three year sentence, but that he would not have done so for a sentence of 18 months in prison and 18 months on parole. If the sentence does not exceed the promised sentence, it is enforceable. Cf. Carter, 806 F.2d at 1377 n. 4.
 
 
 9
 The record does not state precisely why Quick was released on parole. If he was released on "good time" under Cal.Pen.Code § 2931 he would have been subject to a sentence of parole under Cal.Pen.Code § 3000(a). Thus, even under an "automatic release," Quick would still be subject to parole. If he was released for some other reason, such as prison overcrowding, his remaining sentence of incarceration would have been converted into a sentence of parole. There was therefore a valid reason for placing Quick on parole as long as that sentence of parole did not exceed his sentence of three years.
 
 
 10
 Quick began serving his sentence of incarceration on June 21, 1985. He was paroled on December 8, 1986 after serving 18 months of his sentence. The search of his residence was conducted on November 5, 1987. Thus the search was conducted within the three years of Quick's sentence. Since Quick's parole was valid until the end of that three year period, the search was a parole search.
 
 CONCLUSION
 
 11
 Since Quick was validly on parole, the search of his residence was valid if there was reasonable suspicion to justify the search. Griffin v. Wisconsin, 107 S.Ct. 3164 (1987); Latta v. Fitzharris, 521 F.2d 246, 249-52 (9th Cir.1975), cert. denied, 423 U.S. 897 (1975).
 
 
 12
 We therefore REVERSE the decision of the district court and REMAND the case for an evidentiary hearing to determine whether there was reasonable suspicion justifying the parole search.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3